THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAURICE J.
McCARTHY, Relator, *v.* THOMAS J. DRENNAN, as Commis-
sioner of the Fire Department of the City of New York,
Respondent.

First Department, February 6, 1920.

**Municipal corporations — certiorari — dismissal of employee of fire
department, city of New York — right to cross-examine complain-
ing witness.**

On a hearing of charges against a member of the fire department of the city
of New York who was accused of assaulting his captain it was error to
refuse to allow the counsel of said member to cross-examine the person
assaulted who was the only other witness who had any personal knowledge
as to the assault.

On certiorari to review the proceeding resulting in the dismissal of the relator
he can raise the question as to the refusal to allow the cross-examination,
although he did not move to strike out the testimony of the complainant,
for it relates to the issue as to whether he received the fair and impartial
trial to which he was entitled.

DOWLING, J., dissents, with opinion.

CERTIORARI issued out of the Supreme Court and attested on
the 31st day of March, 1919, directed to Thomas J. Drennan,
as commissioner of the fire department of the city of New
York, commanding him to certify and return to the office of
the clerk of the county of New York all and singular cer-
tain proceedings had before him in dismissing Maurice J.
McCarthy from employment as an engineer of steamers in
the fire department of the city of New York.

*Jeremiah T. Mahoney* of counsel [*J. Archer Hodge* with him
on the brief; *Phillips, Mahoney & Leibell,* attorneys], for the
relator.

*William A. Walling* of counsel [*John F. O'Brien* with him on
the brief; *William P. Burr, Corporation Counsel*], for the
respondent.

PHILBIN, J.:

The relator was appointed a fireman on December 27, 1904.
He was dismissed on charges March 19, 1919, his salary then
being $1,800 per year, and his title, engineer of steamers.   He

was charged with assaulting and striking his captain on January 19, 1919, in violation of section 103 of the rules and regulations of the department. The hearing took place on March 7, 1919, before a deputy commissioner assigned to hear the charges, and the relator appeared with counsel. The only witness produced to show the assault was the complainant. The relator claimed that he had acted in self-defense, and also swore that the captain had applied to him vile epithets before the assault. The only witnesses who had any personal knowledge of the occurrence were the two persons concerned. Witnesses called by the relator testified as to remarks made by the captain, tending to show that he had been the aggressor and was of a quarrelsome disposition. On the other hand, the injuries sustained by the complainant were of such a character as to indicate that they might not have been inflicted merely in self-defense. The complainant testified in detail and at great length as to the occurrence. Upon the attempt of relator's counsel to cross-examine, he stated that on the advice of counsel he did not think there was any right to cross-examine him. The commissioner held that, it being a case for discipline, the complainant could refuse to answer. Relator's counsel nevertheless made further efforts to cross-examine, which were followed by the same ruling. The commissioner then said that he thought, because the relator was charged with a violation of the rules and regulations of the department, and not with a felony, that he could not compel complainant to submit to cross-examination. Exceptions were duly taken to the ruling.

It needs no argument to show the importance of a cross-examination in the circumstances. It was to be decided whether the relator should be expelled from the department upon practically no other proof than the testimony, unaffected by cross-examination, of the complainant and which was no doubt influenced by a recollection of injury done him by the relator. The right to cross-examine in such a case clearly exists. (*People ex rel. Fallon* v. *Wright*, 7 App. Div. 185, 197.)

The respondent asks if the relator can raise in this proceeding the question of his right to cross-examine, on account of his failure to make a motion to strike out the testimony

First Department, February, 1920.        [Vol. 190.

of the complainant upon refusal of the latter to submit to cross-examination. We think he can. (*Fallon Case, supra.*) Proceedings of the character in question are not to be viewed with the same technical scrutiny required in formal litigation in court. They are essentially disciplinary in their nature and the real question is, has the relator received a fair and impartial trial? In the present instance that must be answered in the negative.

The determination of the commissioner was improper and there should be a new trial. (*People ex rel. McCormack* v. *McClave*, 29 N. Y. St. Repr. 368; affd., 121 N. Y. 710.)

The determination should be reversed and a new trial granted, with costs to the relator to abide the event.

LAUGHLIN, PAGE and MERRELL, JJ., concur; DOWLING, J., dissents.

DOWLING, J. (dissenting):

While I agree that the relator was entitled to cross-examine the witness Murray, I believe that he is not now in a position to take advantage of the refusal to direct the witness to submit to cross-examination, because no motion was made to strike out the testimony of Murray after the commissioner had declined to compel him to answer questions on cross-examination. The attorney for the relator excepted to such refusal by the commissioner but took no other action thereupon. The relator had his choice when he was denied the right to cross-examine, either to allow the testimony of the witness to stand, and thus get such benefit as he might think would inure to him from the testimony, or to move to strike out the entire testimony of the witness because of his refusal to answer any questions whatever on cross-examination. He pursued the first course, and I think he is not now in a position to complain, as he could have done had he pursued the second course. At no time in the proceedings before the fire commissioner did the relator move to strike out the witness' testimony. In my opinion, therefore, the writ should be dismissed and the determination sustained.

Determination reversed and new trial ordered, with costs to relator to abide event.